RECEIVED
JUN - 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Charles B. Hill jr.,                )
                                    )           Case No: 08 C 1917
        -vs-                        )
                                    )
County of Cook a Corporation,       )
Cook County Department of Corrections, )        Judge: Milton Shadur
Cermak Health Services, Dr. Catoure, )
John Doe Dentist #1, Jane Doe Dentist #2 )

### AMENDED COMPLAINT

This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3). The plaintiff's claims for injunctive relief are authorized by 28 U.S.C. section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

1). The Northern District of Illinois , Eastern Division is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occurred.

2). Plaintiff, Charles B. Hill jr, is and and was at all times mentioned herein a pretrial detainee, housed at the Cook County Jail in the state of Illinois, in the state of Illinois, in the custody of the Cook County Department of Corrections. He is Currently being confined in the Cook County Jail, in Chicago Illinois.

3). Defendant, County of Cook a Corporation has a legal responsibility for ensuring that the overall operation of the Cook County Department of Corrections and each individual institution under it's jurisdiction including the Cook County Jail and Cermak Health Services. It is further there responsibility to ensure that there health care provider is equipped to adhere to the serious medical needs of it's pretrial detainees that are housed there.

4). Defendant, Cook County Department of Corrections, has a legal responsibility for ensuring that the overall operation of the Cook County Jail, Cermak Health Services and each individual division, dispensary under it's jurisdiction to include Divisions 1,9,10,and 11. Equipping them with the proper staff to maintain a reasonable standards of living and health care.

5). Defendant, Cermak Health Services has a legal responsibility to provide a system of ready access to adequate medical care, having been employed by the County of Cook & Cook County Department of Corrections to due so. And adhere to the serious medical needs of the pretrial detainees that are housed there. Citing: **HOPTOWIT V. RAY**, **682 F. 2D 1237,1252-53.**

6). Defendant, Dr. E. Catoure, being the director of Cermak Health Services has a legal responsibility to provide competent and knowledgeable medical personnel to adhere to the serious medical needs of the pretrial detainees being housed there at the Cook County Jail. It is further her responsibility that if such a need arise that it is treated in a timely manner as to not cause any further significant injury or unnecessary and wanton infliction of pain. Citing: **CARNELL V. GRIMM , 872 F. SUPP. 746,755 (D.HAWAII,1994).**

7). Defendant, John Doe Dentist #1 , is a dentist assigned to work in Division #9 of the Cook County Jail and has a legal responibility to prescribe medications , or other wise perform preventive measures to save teeth not just to pull them.

8). Defendant, Jane Doe Dentist #2 , is a Dentist assigned to work in Division # 1 of the Cook County Jail and has a legal responsibility to prescribe medications , or other wise perform preventive measures to save teeth not just to pull them.

## FACTS

1). While being housed in division eleven of the Cook County Jail. The plaintiff between November of 2005 and March of 2006 submitted several medical request forms to see a Dentist. In Febuary of 2006 the plaintiff filed a Detainee Grievance pertaining to lack of dental care. And was not seen.

2). After being moved to Division Nine, plaintiff immediately submitted numerous medical request forms to see a dentist. Plaintiff was sent an answer to his Grievance stating that it was referred to Cermak Health Services. And was not seen.

3). When the plaintiff did see a dentist in division nine he was told that he was in need of a cleaning and to have some cavities filled. He further stated the the County doesn't do cleanings , fill ins , only pull teeth. He could and would pull the tooth in one week but that never happened.

4). In September of 2006 the plaintiff's tooth that needed filling broke offf all the way to the gum line. this was the same tooth that he previously had tried to get fixed several months prior to this occurring. Plaintiff then filed another Detainee Grievance pertaining to this.

5). The Detainee's Grievance was referred to Cermak Health Services and it was then that the plaintiff had a tooth pulled. Not the one that was broken off to the gum line he was supposedly rescheduled to have it taken care of but it didn't happen. Further subjecting the plaintiff to servere pain and suffering.

6). Plaintiff again complaining about his pain to every nurse and medtech that came to his tier was given pain pills to take and continued to take them five times a day or when necessary for about six months which eventually led to him having acid reflux because of the pills eating away at the lining of his stomach.

7). It is upon information and belief that between the months August 2007 and January 2008 there was no dentist even employeed by the County of Cook, Cook County Department of Corrections. Due to the so called Stroger cut backs. During this time the plaintiff was forced to endure unnecessary pain and suffering being that he was deprived of adequate medical care.

8). In support of this complaint the plaintiff has enclosed copies of Detainee Grievances , responses and declarations from various detainees that witnessed the pain and suffering that he endured to be numbered as exhibits " A thru D" etc.

9). Plaintiff has exhausted all of his legal remedies that are at his disposal to try and rectify his problems. From filing Grievances ,Medical request forms, Appeals and just outright asking any and everyone that he came into contact with every day even getting his judge at Markham Court House to issue a Court order for treatment.

10). Plaintiff realleges and incorporate by reference paragraphs 1-9.

## CAUSES OF ACTION

1). The actions of the County of Cook in not providing adequate dental care or personnel to adhere to and or address the dental needs of the plaintiff and not having one employeed to do so for at least four months, and it being there resposibility  to do so , when said County was aware of the dental needs of it's pretrial detainee's and the plaintiff being housed at the County Jail. Constitute a Deliberate Indifference to the plaintiffs rights under the 14th Amendment as well as Article 1 Section 2 of the State Constitution of Illinois.

2). The actions of Cook County Department of Corrections in detaining and/or continuing to detain plaintiff in unconstitutional conditions depriving him and other pretrial detainees of dental care for their serious medical needs, even though they had other means to meet these medical needs, constitute a Deliberate Indifference and violates the plaintiff's rights under the 14th Amendment of the U.S. Constitution as well as Article 1 Section 2 of the State of Illinois Constitution.

3). The actions of Cermak Health Services in not establishing and/or providing a adequate and accessible health care system that would allow the pretrial detainnees access to a dentist or proper dental care. It being there legal responsibility as health care provider constitute a Deliberate Indifference to the plaintiffs rights under the 14th Amendment of the U.S. Constitution as well as Article 1 Section 2 of the State of Illinois Constitution.

4). The actions of Dr. E. Catoure in failing to put in place and maintain a accessible health care system, being her legal responsibility as Director of medicine  over Cermak Health Services and the entire Cook County Jail as well as each individual division to include Cermak Hospital. And being aware that not having a dentist on staff at the Cook County Jail to attend to the dental needs of the pretrial detainnes there constitute a Deliberate Indifference to the plaintiffs rights under the 14th Amendment of the U.S. Constitution as well as the State of Illinois Constitution Article 1 Section 2.

7). The actions of John Doe dentist #1 & Jane Doe dentist #2 in failing to properly treat and or prescribe treatment, send the plaintiff to an outside source when there was none available at the County Jail. It being there legal responsibility to do so and only limiting their services to pulling teeth only when it is there job to save them when ever possible. This caused the plaintiff to suffer excruciating pain for several months. This constitutes a Deliberate Indifference to plaintiffs rights under the 14th Amendment of the U.S. Constitution as well as Article 1 Section 2 of the State of Illinois Constitution.

8). The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff will continue to be irreparably injured by the conduct of the defendants unless this honorable Court grants the injunctive relief which plaintiff seeks.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter judgement granting the plaintiff the following:

1). A preliminary and permanent injunction ordering defendants COUNTY OF COOK, A CORPORATION, COOK COUNTY DEPARTMENT OF CORRECTIONS, CERMAK HEALTH SERVICES, DR. E. CATOURE. To place a system of ready access to medical and dental personnel into effect at the Cook County Jail. And to instruct it's doctors/Dentist to provide care that will treat and or save teeth and any other body part rather than the simple and cheap way out which is to just pull them. And a system of health care that would promote a type of maintanance where as to treat small issues before they become a major problem.

2). Compensatory damages in the amount of $ 25,000.00 against each defendant, jointly and severally.

3). That each defendant be found liable jointly and severally in their official as well as unofficial capacity.

4). A trial by jury on all triable issues.

5). Plaintiff's costs in this law suit as well as reasonable attorneys fees if applicable.

6). Any additional relief this court deems just, proper, and equitable.

Dated:   22 MAY 2008
Respectfully submitted,

Charles B. Hill jr.
20050084808 Div.#8
P.O. Box 089002
Chicago, Illinois 60608

I have read the foregoing complaint and hereby verify that the matters alleged on information and belief, and as to those I believe to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cook County Department of Corrections in Chicago Illinois on 22 May 2008.

SWORN AND AFFIRMED BEFORE ME
THIS 22nd DAY OF MAY 2008

"OFFICIAL SEAL"
TERESA D. JONES
Notary Public, State of Illinois
My Commission Expires November 5, 2011

Charles B. Hill jr.