IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES B. HILL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF COOK, a municipal | ) | Civil Action No. 1:08-cv-01917 |
| corporation; THOMAS DART, in his | ) | |
| official capacity as Sheriff of Cook | ) | JUDGE: Milton I. Shadur |
| County, Illinois; SALVIDOR GODINEZ, | ) | |
| in his official capacity as Director of the | ) | MAGISTRATE JUDGE: Martin C. Ashman |
| Cook County Department of Corrections, | ) | |
| DAVID FAGUS, in his official capacity | ) | |
| as Chief Operating Officer of Cermak | ) | |
| Health Services, AVERY HART, in his | ) | |
| official capacity as Medical Director | ) | |
| of Cermak Health Services, SHANDRA | ) | PLAINTIFF DEMANDS |
| BUNDY-SMITH, D.D.S., a dentist | ) | TRIAL BY JURY |
| employed at the Cook County Jail in her | ) | |
| individual capacity, CHARLES WILTZ, | ) | |
| D.D.S., a dentist employed at the Cook | ) | |
| County Jail in his individual capacity, | ) | |
| and other unknown employees of Cook | ) | |
| County and of the Cook County Jail | ) | |
| medical and dental staff. | ) | |
| | ) | |
| Defendants. | ) | |

SECOND AMENDED COMPLAINT

NOW COMES the Plaintiff, CHARLES B. HILL, JR., by his attorney, THOMAS J.

CANNA, CANNA AND CANNA, LTD., and complaining of Defendants, COUNTY OF

COOK, a municipal corporation; Cook County Sheriff, THOMAS DART; Director of the Cook

County Department of Corrections, SALVADOR GODINEZ; Chief Operating Officer of

Cermak Health Services, DAVID FAGUS; Medical Director of Cermak Health Services,

AVERY HART; dentist SHANDRA BUNDY-SMITH, D.D.S.; and dentist CHARLES WILTZ, D.D.S., avers the following:

## PRELIMINARY STATEMENT

1.     This lawsuit arises out of the repeated and protracted refusal of the Defendants to timely provide medical and dental care, and administer prescribed medication, to Plaintiff, CHARLES B. HILL, JR., including the failure and refusal to treat Plaintiff's broken tooth for more than 28 months, pursuant to Defendants' unconstitutional policies, practices and actions relating to medical and dental care provided to pre-trial detainees at the Cook County Jail, and the distribution of medication to such detainees.

2.     Plaintiff seeks damages against the Defendants for denial of adequate medical care, including dental care, and the failure and refusal to administer prescribed medication in a timely manner, and injunctive relief requiring the proper administration of his prescribed medication, pursuant to 42 U.S.C. §§ 1983 and 1988, to redress the deprivation of rights secured under the Fourteenth Amendment to the Constitution of the United States.

3.     Each and every act of Defendants alleged herein was committed by Defendants, each and every one of them, under the color of state law and authority.

## JURISDICTION AND VENUE

4.     The jurisdiction of this Court is invoked pursuant to the the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a)(3), and the Constitution of the United States.

5.     Venue is proper in the Northern District of Illinois under 28 U.S.C. §§ 1391(b)(2) because the actions giving rise to this Complaint occurred within the Northern District of Illinois, Eastern Division.

## PARTIES

6.     Plaintiff, CHARLES B. HILL JR., is a citizen of the United States and a resident of Illinois.  Plaintiff is, and was at all times relevant herein, a pre-trial detainee, housed at the Cook County Department of Corrections (herein referred to as the "Cook County Jail" or the "Jail").

7.     The COUNTY OF COOK is a municipal corporation located in the State of Illinois.  The County operates the medical and dental treatment programs to which Plaintiff has been denied access.  The County of Cook has a legal responsibility to administer its programs and services in conformity with the United States Constitution.

8.     The COUNTY OF COOK employs Defendants, DAVID FAGUS, Chief Operating Officer of Cermak Health Services; AVERY HART, Medical Director of Cermak Health Services; dentist SHANDRA BUNDY-SMITH, D.D.S.; and dentist CHARLES WILTZ, D.D.S., and other unknown employees of Cook County and of the Cook County Jail medical and dental staff.

9.     The COUNTY OF COOK has a legal responsibility for the overall operation of the Cook County Jail, including Divisions 1, 9, 10 and 11 thereof, and Cermak Health Services, for maintaining the proper staff to respond to the serious medical needs of pre-trial detainees housed at the Cook County Jail, and for providing reasonable standards of living and health care for those pre-trial detainees.

10.     Defendant THOMAS DART ("Sheriff Dart"), is the Sheriff of Cook County, Illinois.  As such, he is the commanding officer of SALVADOR GODINEZ, Director of the Cook County Jail, as more fully set forth below.  Sheriff Dart administers the Cook County Jail. He is responsible for formulating and supervising the policies, customs and regulations of the

Sheriff's office of Cook County, Illinois, to ensure that every individual delivered to his custody is provided with prompt medical and dental treatment. He also has a legal responsibility to ensure that the Jail and those treatment programs are administered in conformity with the United States Constitution. He is sued in his official capacity.

11.    Defendant SALVADOR GODINEZ, is the Director of the Cook County Department of Corrections and as such confers with the Chief Operating Officer of Cermak Health Services in formulating policy. In his official capacity as Director of Cook County Jail he is responsible for formulating and supervising the policies, customs and regulations of the Cook County Department of Corrections, to ensure that every individual delivered to his custody is provided with prompt medical and dental treatment. He is sued in his official capacity.

12.    Defendant DAVID FAGUS ("Director Fagus"), is the Chief Operating Officer of Cermak Health Services of Cook County, the health care service provider for detainees at the Cook County Jail, and is responsible for the day to day functioning of Cermak Health Services. He has a legal responsibility to provide competent and knowledgeable medical personnel to attend to the serious medical needs of the pre-trial detainees being housed at the Cook County Jail. It is further his responsibility to provide medical and dental treatment to pre-trial detainees in a timely manner so as not to cause any further significant injury or unnecessary and wanton infliction of pain. He is sued in his official capacity.

13.    Cermak Health Services has a legal responsibility to provide a system of ready access to adequate medical care, and to respond to the serious medical needs of the pre-trial detainees that are housed at the Cook County Jail.

14.     As Chief Operating Officer of Cermak Health Services, Director Fagus' duties and responsibilities include, among other things:

(a)     formulating, implementing and supervising policies, customs and regulations, to ensure that detainees at the Cook County Jail receive prompt medical and dental treatment;

(b)     formulating, implementing and supervising policies, customs and regulations, to ensure that prescribed medications are administered to detainees at the Cook County Jail in a timely manner;

(c)     formulating, implementing and supervising policies, customs and regulations, to ensure that grievances or complaints lodged by detainees, including those related to medical and dental problems, are properly acted upon;

(d)     formulating, implementing and supervising policies, customs and regulations, to ensure the reasonable safety and wellbeing of detainees at the Cook County Jail;

(e)     formulating, implementing and supervising policies, customs and regulations, to ensure that officers and employees do not interfere with or neglect the medical, dental and medication needs of detainees at the Cook County Jail;

(f)     providing competent medical and dental personnel at the Cook County Jail; and

(g)     providing adequate training for medical staff in identifying, treating and responding to medical and dental complaints and the needs of detainees at the Cook County Jail;

15.     Defendant AVERY HART ("Medical Director Hart"), is the Medical Director of Cermak Health Services, and is the person directly responsible for clinical supervision of medical and dental staff at Cook County Jail, including Defendants SHANDRA BUNDY-SMITH, D.D.S. and CHARLES WILTZ, D.D.S.  He has a legal responsibility to provide competent and knowledgeable medical personnel to attend to the serious medical needs of the pre-trial detainees being housed at the Cook County Jail.  It is further his responsibility to provide medical and dental treatment to pre-trial detainees in a timely manner as to not cause any further significant injury or unnecessary and wanton infliction of pain.  He is sued in his official capacity.

16.     As Medical Director of Cermak Health Services, Medical Director Hart's duties and responsibilities include, among other things:

5

(a)    formulating, implementing and supervising policies, customs and regulations, to ensure that detainees at the Cook County Jail receive prompt medical and dental treatment;

(b)    formulating, implementing and supervising policies, customs and regulations, to ensure that prescribed medications are administered to detainees at the Cook County Jail in a timely manner;

(c)    formulating, implementing and supervising policies, customs and regulations, to ensure that grievances or complaints lodged by detainees, including those related to medical and dental problems, are properly acted upon;

(d)    formulating, implementing and supervising policies, customs and regulations, to ensure the reasonable safety and wellbeing of detainees at the Cook County Jail;

(e)    formulating, implementing and supervising policies, customs and regulations, to ensure that officers and employees do not interfere with or neglect the medical, dental and medication needs of detainees at the Cook County Jail;

(f)    providing competent medical and dental personnel at the Cook County Jail; and

(g)    providing adequate training for medical staff in identifying, treating and responding to medical and dental complaints and the needs of detainees at the Cook County Jail;

17.    Defendant SHANDRA BUNDY-SMITH, D.D.S., is or was at the times relevant herein, employed by the County of Cook and assigned to Cermak Health Services as a dentist to provide professional general dental services to detainees at the Cook County Jail.   SHANDRA BUNDY-SMITH, D.D.S. was, at the relevant times, assigned to work in Division #9 of the Cook County Jail and had a legal responsibility to provide appropriate dental care to detainees, and to prescribe necessary medication to such individuals.  She is sued in her individual capacity.

18.    Defendant CHARLES WILTZ, D.D.S., is or was at the times relevant herein, employed by Cermak Health Services as a dentist to provide professional general dental services to detainees at the Cook County Jail.  CHARLES WILTZ, D.D.S. was, at the relevant times, assigned to work in Division #1 of the Cook County Jail and had a legal responsibility to provide appropriate dental care to detainees, and to prescribe necessary medication to such individuals. He is sued in his individual capacity.

19.     Defendants SHANDRA BUNDY-SMITH, D.D.S. and CHARLES WILTZ, D.D.S. are or were at all times relevant herein, employees of COOK COUNTY assigned to the dental unit at the Cook County Jail under the direction of Director Fagus and/or Medical Director Rodriguez.  On the date(s) and time(s) alleged herein, Defendants SHANDRA BUNDY-SMITH, D.D.S. and CHARLES WILTZ, D.D.S., while engaging in the conduct complained of, did so in the course and scope of their employment, as employees and agents of COOK COUNTY, and under the direction of Director Fagus and/or Medical Director Hart.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Cook County Jail is the largest single-site county jail in the United States.

21.     The Jail has a daily population of approximately 9800 adult male and female inmates, most of whom, like the Plaintiff, are awaiting trial in the criminal court system.

22.     Cook County Jail is separated into 11 semi-autonomous divisions.

23.     All corrections and security functions at Cook County Jail are administered by the Cook County Department of Corrections, under the Cook County Sheriff.

24.     Health care services at Cook County Jail are provided by Cermak Health Services, which is part of the Cook County Bureau of Health.

25.     Cook County and the Cook County Sheriff's Office are responsible for the well-being of pre-trial detainees at Cook County Jail, including providing adequate care for the serious medical and dental needs of those detainees.

26.     The Plaintiff, Charles B. Hill, Jr., has been detained at the Cook County Jail since approximately October 28, 2005, while awaiting trial.

**Plaintiff's Dental Care Issues**

27.    On or about December 9, 2005, while being detained at the Cook County Jail, a tooth in the left rear of the Plaintiff's mouth cracked while he was eating, and a portion of the tooth broke off causing him severe pain and discomfort.

28.    On December 14, 2005, at which time the Plaintiff was being housed in Division 11 of the Cook County Jail, the Plaintiff filed a Detainee Health Service Request Form formally alerting Jail staff to his condition and requesting medical/dental care for his broken tooth, stating: "I have a tooth that has broken off in the left rear of my mouth and it hurts."

29.    Throughout the course of his confinement at the Cook County Jail, Plaintiff made repeated pleas to Jail personnel, and filed multiple Detainee Grievances, but was unable to obtain treatment for his dental problem.

30.    Despite the severe pain and suffering that Plaintiff was experiencing due to his broken tooth, he was not seen by dental personnel at Cermak Health Services until January 11, 2006, but no treatment was provided at that time.

31.    On or about January 25, 2006, the Plaintiff was again seen by the dental staff at Cermak Health Services about his broken tooth. He was provided with antibiotic medication and was told that his tooth was infected and  needed to be extracted right away.  However, the tooth was not extracted at that time.  He was told that he would be called the next week to have the tooth extracted, but he was not called.

32.    By February 23, 2006, the Plaintiff still had not been treated for his tooth and the pain had become worse.  He had also run out of the antibiotic medication prescribed for his dental infection.  After complaining repeatedly to the nursing staff that he needed to have his tooth pulled, Plaintiff filed Detainee Grievance No. 2006X0172 on February 23, 2006, asking to

8

have his tooth pulled immediately.  The Grievance was received by the Jail on February 24, 2006. (A true and correct copy of Grievance No. 2006X0172 is attached hereto as Exhibit A)

33.     On February 28, 2006, at which time the Plaintiff was being housed in Division 9 of the Cook County Jail, and while his Grievance was pending, the Plaintiff again filed a Detainee Health Service Request Form requesting medical/dental care for his broken tooth, stating: "I need a tooth pulled, it has broken off.  I was scheduled to have it pulled before I left Division 11."

34.     On March 2, 2006, the Plaintiff was again seen by the dental staff at Cermak Health Services about his broken tooth, but again no treatment was provided at that time.

35.     On March 9, 2006, Plaintiff received a response to Grievance No. 2006X0172 indicating that his complaint was referred to Cermak Health Services without further action.

36.     The referral of detainee grievances concerning medical and dental issues to Cermak Health Services without further action or follow-up by Jail officials was, at all times relevant herein, and still is, a common, but ineffective, method of disposing of detainee grievances at the Jail.

37.     On April 13, 2006, after having endured severe pain for over four months, Plaintiff was finally seen by a dentist, Defendant Shandra Bundy-Smith, D.D.S., who was employed by Cermak Health Services.   Dr. Bundy-Smith extracted a tooth located next to the broken tooth, but did not extract the broken tooth that was causing severe pain to the Plaintiff, and, when questioned about the fact that she did not treat the tooth that was causing Plaintiff's pain, informed the Plaintiff that the broken tooth would be extracted "in a week or two." Plaintiff was prescribed Tylenol for the pain he continued to have from his broken tooth. However, Dr. Bundy-Smith never followed-up with Plaintiff to extract his broken tooth.

38.     By October 3, 2006, the Plaintiff was being housed in Division 1, but still had not been treated for his broken tooth.  By then it had broken again, down to the gum line.  It had been almost six month since the extraction of the adjoining tooth.  The pain in his mouth had become constant and made it difficult for him to eat or sleep.

39.     On October 3, 2006, after having now endured severe pain for nearly ten months, Plaintiff was finally seen by another dentist, Defendant, Charles Wiltz, D.D.S., who was also employed by Cermak Health Services.    Dr. Wiltz did not extract Plaintiff's broken tooth or provide any treatment for Plaintiff's condition.    Dr. Wiltz told the Plaintiff that he was in need of a cleaning and needed to have some cavities filled, but indicated that the County does not do cleanings or fillings, and only pulls teeth.  Dr. Wiltz also told the Plaintiff that he could and would pull the broken tooth in one week, but that never happened.  Dr. Wiltz never followed-up with Plaintiff to extract his broken tooth.

40.     By February of 2008, more than two years after his tooth broke, and more than 16 months after Defendant, Charles Wiltz, D.D.S., told the Plaintiff that he would pull his broken tooth, the Plaintiff had still received no treatment and was still suffering.  On February 8, 2008, at which time the Plaintiff was being housed in Division 10 of the Cook County Jail, the Plaintiff again filed a Detainee Health Service Request Form requesting medical/dental care for his broken tooth, stating: "I need a tooth pulled."

41.     As of March, 2008, the Plaintiff still had not been treated for his broken tooth and the pain continued.  After complaining repeatedly to the nursing staff about his toothache, Plaintiff filed Detainee Grievance No. 2008X0465 on March 11, 2008, indicating that his broken tooth was causing other teeth to become infected.  He asked to receive ". . . all of the necessary dental work performed that is required to correct my dental issues."  The Grievance was received

10

by the Jail on March 12, 2008. (A true and correct copy of Grievance No. 2008X0465 is attached hereto as Exhibit B)

42.     On March 17, 2008, Plaintiff received a response to Grievance No. 2008X0465 again indicating that his complaint had been routinely referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on March 17, 2008.  On April 10, 2008, he was informed that his appeal was denied because "Per CHS Admin., detainee is on waiting list for dental."

43.     On April 3, 2008, out of frustration with Defendants' continued and persistent refusal to provide appropriate dental treatment, Plaintiff filed this action, seeking redress for the pain and suffering that he endured as a result of the lack of dental treatment at the Cook County Jail.  Shortly thereafter he received a visit from a representative of Cermak Health Services assuring him that his dental problems would be promptly addressed.  On or about April 16, 2008, apparently as a direct result of the filing of this action, the Plaintiff's broken tooth was finally extracted, more than 28 months after he first reported the problem to Jail officials.

44.     The continued refusal to provide appropriate dental care to the Plaintiff resulted, in whole or in part, from personnel shortages at the Jail.

45.     Throughout the period of Plaintiff's confinement at the Cook County Jail, the dental personnel at the Jail were seriously understaffed.  In 2007, the County drastically reduced the dental staff available to treat pre-trial detainees at the Cook County Jail.  Upon information and belief, three dentists, one dental hygienist, and seven full-time equivalent dental assistants were cut in February, 2007, and by June, 2007, there was only one dentist responsible for over 9,500 detainees.   Further, upon information and belief, between the months of August, 2007 and

January, 2008, there was no treating dentist even employed by the County of Cook at the Cook County Jail.  During this time the Plaintiff was forced to endure unnecessary pain and suffering.

46.     As a result of the Defendants' failure to provide necessary and timely dental care, failure to provide sufficient dental staff at Cook County Jail, and inadequate grievance procedures, Plaintiff endured severe pain, mental suffering, insomnia, and frequent migraines.

47.     The lack of treatment and the resulting pain medication that was provided to Plaintiff for his broken tooth eventually caused him to suffer other medical and dental problems, including damage to his remaining teeth and acid reflux caused by the pain medication damaging the lining of his stomach.

### Plaintiff's Medical Care and Medication Issues

48.     In addition to the aforesaid dental problems, which required regular administration of medication, the Plaintiff has also suffered from other serious medical conditions during the course of his detainment at Cook County Jail.  Those conditions required administration of prescribed medications, including pain medications, on a regular basis.

49.     Despite the seriousness of Plaintiff's medical and dental conditions, Defendants failed to provide him with necessary medical care and failed to administer prescribed medication as directed.

50.     Plaintiff regularly requested medical attention from the prison staff for his medical conditions, including requests for prescribed medication.  However, Plaintiff did not receive needed medical care and medication on a regular basis, and, as a result, his health was seriously affected.

51.     In May, 2006, after approximately three weeks of requesting medical attention for his high blood pressure, Plaintiff had his attorney call to complain about the lack of treatment.

At this time, Plaintiff was finally taken in for medical observation.  He was advised that his blood pressure at that time was dangerously high.  The doctor that examined Plaintiff prescribed blood pressure medication and instructed that his blood pressure was to be checked on every shift.  That did not occur.

52.    Subsequently, on May 25, 2006, at 10:00 a.m., 12:00 p.m. and again at 1:15 p.m., Plaintiff went to the Jail dispensary with a valid prescription where he was confronted by a Cermak Health Services employee known to him only as "Paramedic George."  On all three occasions the paramedic refused to fill Plaintiff's prescription and refused to let him see a doctor or nurse.

53.    Plaintiff complained of that failure to provide timely medical care in Detainee Grievance No. 2006X0635, filed on May 26, 2006.  The Grievance was received by the Jail on June 2, 2006. (A true and correct copy of Grievance No. 2006X0635 is attached hereto as Exhibit C)

54.    In or around June of 2006, Plaintiff also submitted several medical request forms seeking medical attention for an eye infection.  After those requests were ignored, Plaintiff submitted Detainee Grievance No. 2006X0715 on June 20, 2006.  The Grievance was received by the Jail on June 20, 2006. (A true and correct copy of Grievance No. 2006X0715 is attached hereto as Exhibit D)

55.    On June 7, 2006, Plaintiff received a response to Grievance No. 2006X0635 again indicating that his complaint was routinely referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on June 7, 2006.  On July 26, 2006, he was informed that the appeal was denied.

56.    On June 23, 2006, Plaintiff received a response to Grievance No. 2006X0715 again indicating that his complaint was referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on June 23, 2006, after the infection had spread to both eyes.  This appeal was denied after Plaintiff was finally seen by a doctor on June 28, 2006, following the filing of his appeal.

57.    After further repeated confrontations with "Paramedic George," Plaintiff submitted Detainee Grievance No. 2006X0988 on August 25, 2006.   The Grievance was received by the Jail on September 11, 2006. (A true and correct copy of Grievance No. 2006X0988 is attached hereto as Exhibit E)

58.    On September 18, 2006, Plaintiff received a response to Grievance No. 2006X0988 again indicating that his complaint was referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on September 18, 2006.  On October 2, 2006, he was informed that the appeal was denied because: "CHS/COI Admin. has advised that there is an open/active investigation pending regarding the grievance."

59.    In November of 2006, Plaintiff was housed in Division 1, on a tier known as G-2. Despite the fact that G-2 is a medical deck, the prison staff failed to distribute medication to this entire deck during the evening on November 3, 4, and 5, 2006.  In addition, medication was not distributed at all on November 8, 2006.  Plaintiff complained of this failure to provide necessary medication in Detainee Grievance Nos. 2006X1284 and 2006X1309, filed on November 4 and 8, 2006, respectively.  Those Grievances were received by the Jail on November 6 and 9, 2006, respectively. (A true and correct copy of Grievance Nos. 2006X1284 and 2006X1309 are attached hereto as Exhibit F and G)

14

60.     On November 15, 2006, Plaintiff received a response to Grievance No. 2006X1284 again indicating that his complaint was referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on November 14, 2006.  On December 6, 2006, the failure to provide medication to Plaintiff was acknowledged and he was informed that his appeal was accepted with the direction that the Superintendent or Administrator: "Please follow up on assigned distribution of medicines according to prescriptions."   This order had little or no effect, as Jail officials continued to fail to administer his prescribed medication in a timely manner.

61.     On November 20, 2006, Plaintiff received a response to Grievance No. 2006X1309 again indicating that his complaint was referred to Cermak Health Services without further action.

62.     Thereafter, Plaintiff continued to have problems receiving his medication.  In or around December of 2006, he was again confronted by "Paramedic George."   At that time, Plaintiff presented the paramedic with a court order for medical treatment, but the paramedic refused to allow Plaintiff to be treated, and refused to return the court order.   Only after a sergeant intervened was Plaintiff able to see a doctor.  As a result of that incident, Plaintiff filed Detainee Grievance No. 2006X1453 on December 8, 2006, requesting that the paramedic be replaced.  The Grievance was received by the Jail on December 12, 2006. (A true and correct copy of Grievance No. 2006X1453 is attached hereto as Exhibit H)

63.     On December 20, 2006, Plaintiff received a response to Grievance No. 2006X1453 again indicating that his complaint was referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on December 20, 2006.  On January 10, 2007,

he was informed that the appeal was denied because, according to Department of Corrections administrative personnel, the "situation is under review at this time."

64.     On December 26, 2006, while Plaintiff was still being housed on tier G-2, Plaintiff was not given his morning medication until 3:00 p.m.  In addition, Plaintiff was not given his prescribed medication that evening.  The nurse who distributed the medication indicated that she did not have any night medication to give to Plaintiff or the other detainees on G-2.  Plaintiff complained of this matter in Detainee Grievance No. 2007X0053, filed on December 26, 2006.  The Grievance was received by the Jail on January 11, 2007. (A true and correct copy of Grievance No. 2007X0053 is attached hereto as Exhibit I)

65.     On January 22, 2007, Plaintiff received a response to Grievance No. 2007X0053 again indicating that his complaint was referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on January 22, 2007.  On February 8, 2007, he was informed that the appeal was denied because, according to the Department of Corrections administrative personnel, "detainee is receiving meds as prescribed."

66.     On June 14, 2007, Plaintiff was absent when the nurse attempted to distribute his blood pressure medication because he was in the Law Library.  When the nurse came by that evening to distribute evening medication, Plaintiff informed her that he never received his blood pressure medication.  The nurse refused to give Plaintiff his medication, stating that she would not give him his day time medication at night.

67.     On June 15, 2006, Plaintiff was again absent when his blood pressure medication was distributed while he was required to be in court.  Plaintiff informed a nurse distributing the evening medication that he needed to receive his medicine, but this nurse stated that he would not give Plaintiff his day time medication because the nurse had too many people to medicate.

16

68.    Plaintiff complained of the failure to receive his medications on June 14 and 15, 2007, in Detainee Grievance No. 2007X1254.  The Grievance was received by the Jail on June 21, 2007.  (A true and correct copy of Grievance No. 2007X1254 is attached hereto as Exhibit J)

69.    On June 26, 2007, Plaintiff received a response to Grievance No. 2007X1254 again indicating that his complaint was referred to Cermak Health Services without further action.  Plaintiff appealed that Grievance on June 26, 2007.  On July 11, 2007, he was informed that the appeal was denied because the Cermak Health Services policy makes it the patient's responsibility to be present when medication is passed out.

70.    On July 4, 2007, Plaintiff was again not given his blood pressure medication.  On July 11, 2007, Plaintiff filed Detainee Grievance 2007X1403, requesting that he receive his medication "as prescribed with no more interruptions."  The Grievance was received by the Jail on July 12, 2007.  (A true and correct copy of Grievance No. 2007X1403 is attached hereto as Exhibit K)

71.    On July 17, 2007, Plaintiff received a response to Grievance No. 2007X1403 again indicating that his complaint was referred to Cermak Health Services without further action.

72.    On August 13, 2007, Plaintiff did not receive his evening medication.  Plaintiff was residing in Division 10, tier 2C at that time.  The evening nurse gave medication to the lower side of 2C, but failed to give any medication to the entire high side of the tier.  Plaintiff complained of this matter in Detainee Grievance No. 2007X1734, filed on August 15, 2007.  The Grievance was received by the Jail on August 22, 2007.  (A true and correct copy of Grievance No. 2007X1734 is attached hereto as Exhibit L)

73.    On August 29, 2007, Plaintiff received a response to Grievance No. 2007X1734 again indicating that his complaint was referred to Cermak Health Services without further action.    Plaintiff appealed that Grievance on August 29, 2007, requesting an independent investigation of the Jail's practices concerning the administration of medication.    On September 25, 2007, he was informed that the appeal was denied because, per Cermak Health Services, "documentation is on file and indicates that detainee refused medication on 08/28." The appeal decision referred to a date completely unrelated to Plaintiff's Grievance.

74.    During the course of his detainment, the Plaintiff has sought and received assistance in his efforts to obtain appropriate medical treatment and proper administration of his prescribed medications from the state court judges addressing his underlying criminal matter in the Circuit Court of Cook County.    On December 7, 2006, Judge Christopher Donnelly ordered that Plaintiff be evaluated by medical personnel at Cermak Hospital and that appropriate medical treatment be tendered.    (A true and correct copy of Court's order of December 7, 2007 is attached hereto as Exhibit M)    Likewise, on March 13, 2008, Judge Frank Zelezinski ordered that the Cook County Department of Corrections/Cermak Hospital and/or other appropriate medical personnel examine and/or review Plaintiff's medical condition regarding headaches and blurred vision, and his history of blood pressure medication. (A true and correct copy of Court's order of March 13, 2008 is attached hereto as Exhibit N)    Most recently, on June 26, 2008, Judge Zelezinski noted that Plaintiff was in distress, and entered an order directing that the appropriate medical and psychological personnel of the Cook County Sheriff's Office, the Department of Corrections, and Cermak Health Services evaluate the Plaintiff, and follow all appropriate medical and psychological procedures to ensure his well being. (A true and correct copy of

Court's order of June 26, 2008 is attached hereto as Exhibit O)  Those court orders have been largely or wholly ignored by Jail personnel.

### Defendants' Failure to Provide Appropriate Medical and Dental Care, and to Properly Administer Prescribed Medication to Detainees at the Cook County Jail, are Part of a Recognized Pattern Of Constitutional Violations

75.    In 2007 and 2008, the Civil Rights Division of the United States Department of Justice, and the United States Attorney's Office, conducted a comprehensive 17-month investigation of the Cook County Jail, pursuant to the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997).  The investigation included on-site inspections at the Jail on June 18-22, 2007, and July 23-27, 2007, with expert consultants in custodial medical care.  On July 11, 2008, following that investigation, the Department of Justice issued a 98 page letter to Cook County Board President, Todd H. Stroger, and Cook County Sheriff, Thomas Dart, reporting its findings that, among other constitutional deficiencies, the inmates at the Cook County Jail do not receive adequate medical and dental care. Specifically, the Department of Justice found that there is inadequate medical staffing, inadequate intake screening, inadequate health assessments, inadequate acute care, inadequate chronic care, inadequate emergency care, inadequate record keeping, inadequate medication administration, inadequate management of communicable diseases, inadequate access to medical care, inadequate medical facilities, inadequate dental care, and inadequate quality assurance.   In its report, the Department of Justice noted that inmates are required to ask repeatedly and sometimes futilely for necessary medical and mental health treatment, and that the grievance process at Cook County Jail is unreliable and ineffective.  The Department recommended 18 pages of remedial measures to rectify the identified deficiencies at the Cook County Jail and protect the constitutional rights of inmates confined there, which included specific recommendations that those responsible for the operation of the Cook County

19

Jail: a) ensure that inmates receive adequate dental care in accordance with generally accepted professional standards of care, and that such care be provided in a timely manner; b) ensure that inmates have adequate access to health care; c) ensure that treatment and administration of medication to inmates is implemented in accordance with generally accepted professional standards of care; and d) develop and implement an adequate grievance process.

## COUNT I

### Section 1983 Claim Against Defendants County of Cook, Thomas Dart, Salvador Godinez, David Fagus, and Avery Hart, for Deliberate Indifference To Plaintiff's Dental Needs

76.     Plaintiff realleges paragraphs 1-75 as paragraphs 1-75 of Count I.

77.     Cermak Health Services is a department of Cook County and is the principal source of dental care for pre-trial detainees at the Cook County Jail.

78.     The County of Cook and the Cook County Sheriff, through Cermak Health Services, have the responsibility and duty to develop policies and procedures that provide pre-trial detainees at the Cook County Jail with access to appropriate dental care.

79.     Cermak Health Services has a practice and/or policy of not providing dental care in a timely fashion to pre-trial detainees with serious dental needs.

80.     As a result of Cermak Health Services' practice and/or custom of not providing dental care in a timely fashion, pre-trial detainees at the Cook County Jail suffer from dental illnesses and injuries that are not properly treated, are forced to endure needless pain and suffering.

81.     This practice and/or custom of delaying access to dental care for pre-trial detainees with serious dental needs is contrary to medical standards, and it demonstrates

deliberate indifference to the health of pre-trial detainees, including the Plaintiff, Charles B. Hill, Jr., in violation of their constitutional rights under the Fourteenth Amendment.

82.     As a direct and proximate result of the Defendants' practice and/or custom of not providing dental care in a timely fashion, Plaintiff, Charles B. Hill, Jr., incurred severe pain, mental suffering and anguish when his broken tooth went untreated for a period of approximately 28 months, as described herein.

WHEREFORE, Plaintiff, Charles B. Hill, Jr., prays that this Court grant him the following relief, jointly and severally against the named Defendants:

A.     Judgment for compensatory damages against the named Defendants in an amount to be determined at trial;

B.     Judgment for  punitive damages against the named Defendants in an amount to be determined at trial;

C.     An award of the costs of this action against the named Defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988; and

D.     Such other and further relief as the Court deems appropriate.

## COUNT II

### Section 1983 Claim Against Defendants County of Cook, Thomas Dart, Salvador Godinez, David Fagus, and Avery Hart, for Deliberate Indifference To Plaintiff's Other Medical Needs

83.     Plaintiff realleges paragraphs 1-82 as paragraphs 1-82 of Count II.

84.     Cermak Health Services is a department of Cook County and is the principal source of medical care for pre-trial detainees at the Cook County Jail.

85.     The County of Cook and the Cook County Sheriff, through Cermak Health Services, have the responsibility and duty to develop policies and procedures that provide pre-

trial detainees at the Cook County Jail with access to appropriate medical care and timely administration of prescribed medication.

86.    Cermak Health Services has a practice and/or policy of not providing medical care in a timely fashion to pre-trial detainees with serious medical needs.

87.    Cermak Health Services also has a practice and/or policy of not administering to pre-trial detainees medication that has been prescribed by their doctors, in a timely manner.

88.    As a result of Cermak Health Care's practice and/or custom of not providing medical care and not administering prescribed medication in a timely manner, pre-trial detainees at the Cook County Jail suffer from medical illnesses and injuries that are not properly treated, and are forced to endure needless pain and suffering.

89.    These practices and/or customs of delaying access to medical care and not administering prescribed medication in a timely manner are contrary to medical standards, and they demonstrate deliberate indifference to the health of pre-trial detainees, including Plaintiff Charles B. Hill, Jr., in violation of their constitutional rights under the Fourteenth Amendment.

90.    As a direct and proximate result of the Defendants' practices and/or customs of delaying access to medical care and not administering prescribed medication in a timely manner, Charles B. Hill, Jr., has suffered from unnecessary health problems, and incurred severe pain, mental suffering and anguish.

WHEREFORE, Plaintiff, Charles B. Hill, Jr., prays that this Court grant him the following relief, jointly and severally against the named Defendants:

A.    Judgment for compensatory damages against the named Defendants in an amount to be determined at trial;

B.      Judgment for  punitive damages against the named Defendants in an amount to be determined at trial;

C.      An award of the costs of this action against the named Defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988; and

D.      Such other and further relief as the Court deems appropriate.

**COUNT III**

**Section 1983 Claim Against Defendant, Shandra Bundy-Smith, D.D.S., individually, for Deliberate Indifference To Plaintiff's Dental Needs**

91.      Plaintiff realleges paragraphs 1-90 as paragraphs 1-90 of Count III.

92.      Plaintiff's broken tooth constituted a serious dental need of the Plaintiff.

93.      Plaintiff was examined by Shandra Bundy-Smith, D.D.S concerning his broken tooth, and Dr. Bundy-Smith was aware of Plaintiff's dental condition.

94.      Nevertheless, Shandra Bundy-Smith, D.D.S did not treat Plaintiff for his broken tooth when Plaintiff saw her for treatment, extracting a different tooth instead.

95.      Moreover, Shandra Bundy-Smith, D.D.S did not follow-up and treat Plaintiff's broken tooth after his visit, despite her specific promise to do so.

96.      Because Shandra Bundy-Smith, D.D.S. failed to properly treat Plaintiff for his broken tooth, Plaintiff incurred great pain, mental suffering and anguish.

97.      The failure of Shandra Bundy-Smith, D.D.S to properly treat Plaintiff, as aforesaid, amounts to deliberate indifference in violation of Plaintiff's rights under the Fourteenth Amendment.

WHEREFORE, Plaintiff, Charles B. Hill, Jr., prays that this Court grant him the following relief against the named Defendant:

23

A.     Judgment for compensatory damages against the named Defendants in an amount to be determined at trial;

B.     Judgment for punitive damages against the named Defendants in an amount to be determined at trial;

C.     An award of the costs of this action against the named Defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988; and

D.     Such other and further relief as the Court deems appropriate.

## COUNT IV

### Section 1983 Claim Against Defendant, Charles Wiltz, D.D.S., individually, for Deliberate Indifference To Plaintiff's Dental Needs

98.     Plaintiff realleges paragraphs 1-97 as paragraphs 1-97 of Count IV.

99.     Plaintiff's broken tooth constituted a serious dental need of the Plaintiff.

100.     Plaintiff was examined by Plaintiff was examined by Charles Wiltz, D.D.S concerning his broken tooth, and Dr. Wiltz was aware of Plaintiff's dental condition.

101.     Nevertheless, Dr. Charles Wiltz did not treat Plaintiff for his broken tooth when Plaintiff saw him for treatment.

102.     Moreover, Dr. Charles Wiltz did not follow-up and treat Plaintiff's broken tooth after his visit, despite his specific promise to do so.

103.     Because Dr. Charles Wiltz failed to properly treat Plaintiff for his broken tooth, Plaintiff incurred great pain, mental suffering and anguish.

104.     The failure of Dr. Charles Wiltz to properly treat Plaintiff, as aforesaid, amounts to deliberate indifference in violation of Plaintiff's rights under the Fourteenth Amendment.

24

WHEREFORE, Plaintiff, Charles B. Hill, Jr., prays that this Court grant him the following relief against the named Defendant:

A.    Judgment for compensatory damages against the named Defendants in an amount to be determined at trial;

B.    Judgment for punitive damages against the named Defendants in an amount to be determined at trial;

C.    An award of the costs of this action against the named Defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988; and

D.    Such other and further relief as the Court deems appropriate.

## COUNT V

### Claim for Injunctive Relief Against Defendants County of Cook, Thomas Dart, Salvador Godinez, David Fagus, Avery Hart, Requiring Timely Administration of Prescribed Medication

105.    Plaintiff realleges paragraphs 1-102 as paragraphs 1-102 of Count V.

106.    Plaintiff must take his medication in the time and manner as prescribed by his doctor in order to prevent further deterioration of his health.

107.    Plaintiff is dependent upon Defendants for access to his medication, and Defendants have a duty to provide Plaintiff with his medication in the time and manner as prescribed by Plaintiff's doctor.

108.    However, Defendants have repeatedly failed to administer prescribed medication to the Plaintiff in a timely manner.

109.    Defendants' failure to provide Plaintiff with his medication on numerous occasions has caused Plaintiff to suffer from unnecessary health problems and incur mental suffering and anguish.

25

110.    Unless Defendants' administer prescribed medication to Plaintiff in a timely manner, Plaintiff is at risk of serious illness, will continue to suffer from unnecessary health problems, and will incur additional mental suffering and anguish, and will suffer irreparable injury to his health.

111.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

A.    Issue Preliminary and Permanent Injunctions directing the named Defendants, their agents and employees, and all persons in active concert or participation with them to administer prescribed medication to Plaintiff at the prescribed time and in the prescribed manner;

B.    Issue Preliminary and Permanent Injunctions directing the named Defendants, their agents and employees, and all persons in active concert or participation with them to administer Plaintiffs' prescribed medication as soon as possible upon his return, if Plaintiff is absent when his medication is to be distributed;

C.    Retain jurisdiction of this matter for the purpose of enforcing this Court's order;

D.    Grant to Plaintiff the costs of this action against the named Defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988; and

E.    Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,
CHARLES B. HILL, JR.


By: _____ s/ Thomas J. Canna _____
One of His Attorneys

Thomas J. Canna – ARDC #6180108
CANNA AND CANNA, LTD.
10703 West 159th Street
Orland Park, Illinois 60467

Part-A / Control #: 2006X0172

Referred To: CerMak

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Hill          First Name: Charles

ID #: 2005 - 0084808   Div.: 11   Living Unit: AA-108 Date: 23/FEB/06

BRIEF SUMMARY OF THE COMPLAINT: On 25 January 06 I saw the dentist and he gave me medication and said that my tooth needed to be pulled right away. I was to be called on the next date. Since then I've run out of medication and my tooth is worse now than before. I've have spoken to the nurse when she comes on the deck and Ms. Monroe even came on the deck to look at my mouth. And still nothing. I need this tooth pulled. I was also given a low fat diet on 25 January and have not been getting it on a consistent basis and they have my last name spelled (Phil) and it's wrong. I need your assistance in these two matters. Thank you for looking into them for me.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: Charles Hill # 20050084808   Nurse Tabb, Mrs. Monroe

ACTION THAT YOU ARE REQUESTING: To have this tooth pulled immediately, to start receiving my diet as the doctor prescribed.

## DETAINEE SIGNATURE: Charles Hill

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: 2/24/06

06 FEB 29 PM 12:1

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – I

**EXHIBIT**

A

Part – B / Control # 2006X017

## C.C.D.O.C.  DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Hill_     First Name: _Charles_   ID# _2005-0054808_

Is This Grievance An **Emergency?**   YES ☐     NO ☒

C.R.W.'S Summary Of The Complaint: _Inmate States that he needs to_
_have a tooth pulled._

C.R.W. Referred Griev. To _Cermat_     Date Referred _2/24/06_

Response Statement: _Refered to Dental & Medical Services_

_Jenkins_     Date _3/1/06_ Div./Dept. _CMI_
(print- name of individual responding to this griev.)   (signature of individual responding to this griev.)

_J. Anderson_     Date _3/8/06_ Div./Dept. _XL_
(print - name of Supt. / Designee / Dept. Admin.)   (signature of Supt. / Designee / Dept. Admin.)

_Warren_     Date _3/2/06_
(print - name of Prog. Serv. Admin./ Asst. Admin.)   (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: _3/9/06_ Detainee Signature: _Charles Hill_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: ____/____/____

Detainee's Basis For An Appeal: _____

Appeal Board's Acceptance Of Detainee's Request:   YES ☐     NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

Appeal Board's Signatures / Dates:

Date Detainee Rec.'d the Appl. Bd.'s Response: ____/____/____ Detainee Signature: _____

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – D

00002

0314-10-18PS

Part-A / Control #: 2008X 0465

Referred To: Cermak

☐ Processed as a request.

---

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

---

Detainee Last Name: Hill          First Name: Charles

ID #: 2005 - 0084808    Div.: 10    Living Unit: 2c    Date: 11 /march/2008

BRIEF SUMMARY OF THE COMPLAINT: This grievance is pertaining to the gross medical neglect in that I have a documented medical need to have a tooth pulled and the County failed to adhere to this serious medical need. The problem has been on going since about march of 2006. Since then I had one tooth that has broken off in my mouth and has now caused other teeth in my mouth to become infected. I have submitted several medical request forms and complained to every nurse that comes to the tier about my teeth. I also request tylenol everyday for the pain. This is also the second grievance pertaining to this issue about my teeth and the dentist.

The entire nursing staff in division ten.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

That I get all of the necessary dental work performed that is required to correct my

ACTION THAT YOU ARE REQUESTING:

dental issues..

DETAINEE SIGNATURE: Charles Hill

C.R.W.'S SIGNATURE:                    DATE C.R.W. RECEIVED: 03/12/08

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a* All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY – DI

**EXHIBIT**

B

Part – B / Control # 2008 X 0465

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Hill_     First Name: _Charles_     ID# _2005-0084808_

Is This Grievance An **Emergency**?     YES ☐     NO ☒

C.R.W.'S Summary Of The Complaint: _Detainee alleges lack of medical attention._

C.R.W. Referred Griev. To: _Cermak_     Date Referred: _03/12/08_

Response Statement: _Referred to Medical Services, Administration, & Patient Care Services_

_C Smith_ - _C Smith_     Date _3/12/08_ Div./Dept _CHS_
(print- name of individual responding to this griev.)  (signature of individual responding to this griev.)

_D Aguas_ - _(signature)_     Date _3/14/2008_ Div./Dept. _CO_
(print- name of Supt. / Designee / Dept. Admin.)  (signature of Supt. / Designee / Dept. Admin.)

_M Allen_ - _(signature)_     Date _3/13/08_
(print- name of Prog. Serv. Admin./ Asst. Admin.)  (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: _17/MAR/08_ Detainee Signature: _Charles Hill_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: _17/MAR/08_

Detainee's Basis For An Appeal: _This problem is Almost 2yrs. OLD CERMACK ALReady Knows About it_

Appeal Board's Acceptance Of Detainee's Request:     YES ☐     NO ☑

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator: _Re: CHS Admin, detainee is on waiting list for dental_

Appeal Board's Signatures / Dates:
_(signature)_ 4/8/08     _(signature)_ 4/8/08

Date Detainee Rec'd the Appl. Bd.'s Response: _10/APR/08_ Detainee Signature: _Charles Hill_

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY –

00055

EMERGENCY *
appeal

Div-11 A AC

Date Control # 06 01

Referred To: _Cermak._ ✓

## COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Hill**          First Name: **Charles**

ID #: **2005-0084808**  Div.: **9**  Living Unit: **1355**  Date: **26 / MAY / 06**

BRIEF SUMMARY OF THE COMPLAINT: This Grievance is to advise you of the poor medical care that I have become a victim of here in Div. #9. I made several request every time the nurse or paramedic came on the tier and even put in the yellow sick call slips, but it was to no avail. Finally after three weeks of my asking and complaining I had my lawyer to call and only then was I taken to R.C.D.C. medical. upon arriving thier my blood pressure (B/P) was checked and it was 163/127 the nurse sent me to the emergency Room. once thier it had Risen to 170/140. The doctor gave me medicion and a prescription to have my B/P checked on every shift, to which it has not happened and I've missed my medication as well.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
C/O Bryce, C/O Przbylowski, every paramedic & nurse that work in
ACTION THAT YOU ARE REQUESTING:
If I can't recieve the medical attention I need in Div. 9. I need to be moved to Div. 8 R.T.U. where I can recieve the medical attention I need.

**DETAINEE SIGNATURE:** _Charles Hill_

C.R.W.'S SIGNATURE: _S Hollins_          DATE C.R.W. RECEIVED: 6/27/06

PM 2:51

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVIS.

**EXHIBIT**

C

Part – B / Control #: 2006 X 0635

# C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: Hill    First Name: Charles    ID#: 2005- 0068808

Is This Grievance An **Emergency?**    YES ☐    NO ☑

C.R.W'S Summary Of The Complaint: Detainee allege that he can not get the medical attention he needed.

C.R.W. Referred Griev. To: Cermak    Date Referred: 6 / 7 / 06

Response Statement: Referred to Medical & Cmt Services

_____

(print- name of individual responding to this griev.)    (signature of individual responding to this griev.)    Date: 6/6/06    Div./Dept. CCM

CAPT. BEATLIEN    Ct    Date: 6/7/06    Div./Dept. IX
(print – name of Supt. / Designee / Dept. Admin.)    (signature of Supt. / Designee / Dept. Admin.)

V. Muolls    Date: 6/6/06
(print – name of Prog. Serv. Admin./ Asst. Admin.)    (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: 7 June / 06    Detainee Signature: Charles Hill

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 7 June / 06

Detainee's Basis For An Appeal: Because this is the same answer that I get all the time and nothing happens until I get my attorney and family involved my blood pressure is a serious problem and sometimes I don't even see a nurse for days

Appeal Board's Acceptance Of Detainee's Request:    YES ☐    NO ☑

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Of Administrator: Issue addressed on 6/13/06 per medical

Appeal Board's Signatures / Dates: 7-25-06    7/25/06

Date Detainee Rec.'d the Appl. Bd.'s Response: 26 July / 06    Detainee Signature: Charles Hill

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY – D

00021

*appeal*

Part-A / Control #: 2006 X 0715 ✓

Referred To: *Cermak*

## COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: _Hill_    First Name: _Charles_

ID #: _2005_ - _0092498_    Div.: _9_    Living Unit: _2d_    Date: _06_ / _20_ / _06_

BRIEF SUMMARY OF THE COMPLAINT: _I filled out several yellow medical forms stating my need of medical attention concerning my eye infections and I haven't gotten any medical attention_

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:

06 JUN 20 PM 1:03

DETAINEE SIGNATURE: _Charles Hill_

C.R.W.'S SIGNATURE: _SHollis_    DATE C.R.W. RECEIVED: _6_ / _20_ / _06_

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a gr[...] All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY – DIVIS[...])

EXHIBIT
D

Part – B / Control #: _2001X 0715_

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

**Detainee's Last Name:** _Hill_     **First Name:** _Charles_     **ID#** _2006_ - _0092498_

**Is This Grievance An Emergency?**     YES ☐     NO ☑

**C.R.W.'S Summary Of The Complaint:** _Detainee alleges that he need medical attention re: his eye._

**C.R.W. Referred Griev. To:** _Cermak._     **Date Referred:** _6 / 20 / 06_

**Response Statement:** _Referred to Medical Services._

_Fen Haves_     _____     **Date:** _6-22-06_     **Div./Dept.** _CM_
(print- name of individual responding to this griev.)    (signature of individual responding to this griev.)

_Capt Bratlien_     _____     **Date:** _6/22/06_     **Div./Dept.** _IX_
(print- name of Supt. / Designee / Dept. Admin.)    (signature of Supt. / Designee / Dept. Admin.)

_J. Muller_     _____     **Date:** _06/22/06_
(print- name of Prog. Serv. Admin./ Asst. Admin.)    (signature of Prog. Serv. Admin./ Asst. Admin.)

**Date Detainee Received Response:** _6 / 23 / 06_     **Detainee Signature:** x _Charles Hill_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

**Date Detainee Request For An Appeal:** _6 / 23 / 06_

**Detainee's Basis For An Appeal:** _My eyes need to ~~be~~ be seen right away because the infection has spreaded to both eyes._

**Appeal Board's Acceptance Of Detainee's Request:**     YES ☐     NO ☑

**Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:**
_Detainee was seen on 6/28/06_

**Appeal Board's Signatures / Dates:** ___ _7/25/06_ _Ron DeRose 7/25/06_ ___ _Rob Brown_

**Date Detainee Rec'd the Appl. Bd.'s Response:** _7 / 27 / 06_ **Detainee Signature:** _Charles Hill_

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY – 1

EMERGENCY
WELFARE

Part A – Control # _____

Referred To: _Cermak_ ✓

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Hill**          First Name: **Charles**

ID #: **2005 - 0084808**    Div.: **1**    Living Unit: **C-4**    Date: **25 /Aug/ 06**

BRIEF SUMMARY OF THE COMPLAINT: This Grievance is in conjunction with
the Grievance I filed on 25 May 06 in Regards to the Callous, wanton
and Deliberate indifference that I suffered at the hands of para-
medic George on 25 May 06 at 10 A.M., 12 noon and again at 1:14 p.m.
At each time the paramedic Refused to let me see a nurse or doctor
Even after he was presented with a valid prescription that was
Dated 7 Aug. 06. He also Refused to give his name and to let
me speak to his supervisor. C/O Davis, C/O Ptak, C/O Patterson and
Sgt. Sandifur were present during these time periods where
paramedic George Refused me medical attention. As a result
of this treatment I do not feel that going to the dispensary
with him operating it I can be given proper medical care. It
is the responsibility of the CCDOC to provide proper medical care to inmate

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
Sgt. Sandifur, C/O Davis, C/O Ptak, C/O Patterson + various inmates in Dis.

ACTION THAT YOU ARE REQUESTING:
That paramedic George be Removed from the Div. #1 Dispensary

## DETAINEE SIGNATURE: _Charles Hill_

C.R.W.'S SIGNATURE: _Williams_          DATE C.R.W. RECEIVED: _9/11/06_

---

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVI.

**EXHIBIT**

E

Part – B / Control #: _2006X 0988_

## C.C.D.O.C.  DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Hill_    First Name: _Charles_    ID#: _2005 0084808_

Is This Grievance An Emergency?    YES ☐    NO ☑

C.R.W.'S Summary Of The Complaint: _Detainee alleges that the paramedic Refused him medical attention and had unprofessional behavior_

C.R.W. Referred Griev. To _Cermak_    Date Referred _9/11/06_

Response Statement: _Referred to CMT Services._

_JEAN KIRALCO_ - _____    Date: _9/13/06_  Div./Dept. _N4_
(print- name of individual responding to this griev.)  (signature of individual responding to this griev.)

_Chief Taylor_ - _Chief Taylor_    Date: _9/18/06_  Div./Dept. _DIV I_
(print - name of Supt. / Designee / Dept. Admin.)  (signature of Supt. / Designee / Dept. Admin.)

_WARDEN_ - _____    Date: _9/13/06_
(print - name of Prog. Serv. Admin./ Asst. Admin.)  (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: _18 /SEPT /06_  Detainee Signature: _Charles Hill_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: _18 /SEPT/06_

Detainee's Basis For An Appeal: _The RESPONSE DOES NOT SOLVE THE PROBLEM with this PARAMEDIC NOR DOES it ANSWER MY GRIEVANCE._

Appeal Board's Acceptance Of Detainee's Request:    YES ☐    NO ☑

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
_CMS/CQI Admin. has advised that there is an open/active investigation pending regarding this grievance._

Appeal Board's Signatures / Dates:
_____ 9/26/06  _Ron Dofer_ 9-26-06  _____ 9-26-06

Date Detainee Rec.'d the Appl. Bd.'s Response: _2 /Oct /06_  Detainee Signature: _Charles Hill_

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY –

00025

Part-A / Control #: _2005_ X _1284_

Referred To: _Cermak._

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Hill**     First Name: **Charles**

ID #: **2005** - **0084808**   Div.: **1**   Living Unit: **G-2**   Date: **4** / **NOV** / **06**

BRIEF SUMMARY OF THE COMPLAINT: ON 3 NOV. 06 WE RECIEVED NO Night
MEDiCATiON AND AGAIN ON 4 NOV. 06 THERE WAS NO ONE HERE
to giVE G-2 THERE Night MEDICATION. THE REASON WE WERE
PUT ON G-2 WAS BECAUSE it WAS SUpposED to bE A MEDICAL
DECk. WHAT kiND OF MEDICAL DECk CAN'T GET THERE MEDICATION.
DETAINEES that take sleepiNg MEDICATION AND HAVE NOT bEEN TO
sleep iN 24 hrs. ThiS is A DeliberATE INDiFFERENCE AND it is ClEAR
AND EstablishED!

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
C/O CARREON & All G-2 DETAINEES & C/O AMATO

ACTION THAT YOU ARE REQUESTING:
That this TYpE OF IRRESPONsible AND Negligent Act DOESN'T happEN
Again.

### DETAINEE SIGNATURE: _Charles Hill_

C.R.W.'S SIGNATURE _[signature]_     DATE C.R.W. RECEIVED: **11** / **6** / **06**

*(text running vertically on right side: 06 NOV 6 PM 1:53)*

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY)

**EXHIBIT**

F

Part – B / Control #: 2006 X 1284

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: Hill          First Name: CHARLES          ID#: 2005-008008

Is This Grievance An Emergency?     YES ☐     NO ☒

C.R.W.'S Summary Of The Complaint: Detainee Alleges that he didn't recv His Medication.

C.R.W. Referred Griev. To: CERMAK          Date Referred: 11 6 06

Response Statement: Referred to the Patient Care Services

_____

_____

Frank Ayers (print - name of individual responding to this griev.) ___ (signature of individual responding to this griev.)     Date: 11/9/06  Div./Dept. V 01

Supt. N. Villanueva (print - name of Supt./Designee/Dept. Admin.) ___ (signature of Supt./Designee/Dept. Admin.)     Date: 11/5/06  Div./Dept. 01

C. WARREN (print - name of Prog. Serv. Admin./Asst. Admin.) ___ (signature of Prog. Serv. Admin./Asst. Admin.)     Date: 11/13/06

Date Detainee Received Response: 11/15/06   Detainee Signature: Charles Hill

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 14/NOV/06

Detainee's Basis For An Appeal: THIS IS MY 2ND GRIEVANCE AND STILL THE SAME ANSWER (REFERRED TO HEALTH CARE). WHEN AM I GOING TO GET AN ANSWER

Appeal Board's Acceptance Of Detainee's Request:     YES ☐     NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

_____

_____

Appeal Board's Signatures / Dates:

_____     _____

Date Detainee Rec'd the Appl. Bd.'s Response: ___/___/___   Detainee Signature: _____

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)     (YELLOW COPY – C.R.W.)     (PINK COPY – DETAINEE)     (GOLDENROD COPY...)

00027

Part - B / Control # 2005 X 1284

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: Hill    First Name: Charles    ID#: 2005-008908

Is This Grievance An Emergency?    YES ☐    NO ☒

C.R.W.'S Summary Of The Complaint: Detainee Alleges that he didn't recv His Medication.

C.R.W. Referred Griev. To: Cermak    Date Referred: 11 6 06

Response Statement: _____

(print- name of individual responding to this griev.)    (signature of individual responding to this griev.)    Date: 11/1/06    Div./Dept. ___

(print -name of Supt./ Designee / Dept. Admin.)    (signature of Supt. / Designee / Dept. Admin.)    Date: 11/14/06    Div./Dept. ___

L. WARREN    (signature of Prog. Serv. Admin./ Asst. Admin.)    Date: 11/13/06

Date Detainee Received Response: 11/15/06    Detainee Signature: Charles Hill

### REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 14/NOV/06

Detainee's Basis For An Appeal: This is my 2nd GRIEVANCE AND Still THE SAME ANSWER (REFFERED to HEALTH CARE). WHEN AM I going to get AN ANSWER

Appeal Board's Acceptance Of Detainee's Request:    YES ☒    NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator: Please follow up on assigned distribution of medicines according to prescriptions

Appeal Board's Signatures / Dates: 12-5-06  12/6/06  12-5-06

Date Detainee Rec.'d the Appl. Bd.'s Response: 6 Dec 06    Detainee Signature: Charles Hill

GRIEVANCE CODE(S): (___) (___) (___) (___)    PROG SERV

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY)

00028

*EMERGENCY*
MEDICAL

Part-A / Control #: 2006 X 1309
Referred To: _Cermak_

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: __Hill__    First Name: __Charles__

ID #: __2005 - 0084808__   Div.: __1__   Living Unit: __G-2__   Date: __8 / NOV / 06__

BRIEF SUMMARY OF THE COMPLAINT: ON 3 NOV. 06, 4 NOV. 06, 5 NOV. 06
AND 8 NOV. 06 I have not RECIEVED My MEDICATION AT Night
For sleeping. ON 8 NOV. 06 I did not RECIEVE ANY MEDICATION
At ALL. I WAS placed ON G-2 BECAUSE it is supposed to
be A MEDICAL DECK AND I can't get My MEDICATION!

C/O EVANS, C/O CARREON, G-2 DETAINEE'S

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

That this NEGLIGENT AND IRRESPONSIBLE behavior be STOPPED.

ACTION THAT YOU ARE REQUESTING:

DETAINEE SIGNATURE: _Charles Hill_

C.R.W.'S SIGNATURE: _____   DATE C.R.W. RECEIVED: _11 / 9 / 06_

06 NOV 13 AM 25

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY ·

EXHIBIT
G

Part – B / Control #: _2006_ X _1309_

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _HILL_    First Name: _CHARLES_    ID#: _2005- 0084888_

Is This Grievance An **Emergency**?    YES ☐    NO ☒

C.R.W.'S Summary Of The Complaint: _Detainee Alleges He was deprived of_
_his Medication._

C.R.W. Referred Griev. To: _Clinah_    Date Referred: _11/9/06_

Response Statement: _Referred to Patient Care Services._

_____

_____

_FW A1288_    _____    Date _11/16/06_ Div./Dept. _C#1_
(print- name of individual responding to this griev.)    (signature of individual responding to this griev.)

_Supt. N. Villanueva_    _____    Date _1/20/06_ Div./Dept. _C/_
(print - name of Supt. / Designee / Dept. Admin.)    (signature of Supt. / Designee / Dept. Admin.)

_C. Walker_    _____    Date _11/17/06_
(print - name of Prog. Serv. Admin./ Asst. Admin.)    (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: _20_ / _NOV_ / _06_    Detainee Signature: _Charles Hill_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: ____/____/____

Detainee's Basis For An Appeal: _____

_____

_____

Appeal Board's Acceptance Of Detainee's Request:    YES ☐    NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

_____

_____

Appeal Board's Signatures / Dates:

_____    _____    _____

Date Detainee Rec.'d the Appl. Bd.'s Response: ____/____/____ Detainee Signature: _____

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY)

00032

Part-A / Control #: 2006 X 1453

Referred To: Cermak ✓

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: __Hill__     First Name: __Charles__

ID #: __2005-0084808__  Div.: __1__  Living Unit: __G-2__  Date: __8 / Dec. / 06__

BRIEF SUMMARY OF THE COMPLAINT: This is my Third Grievance in Three Months Pertaining to Paramedic George who works in the Division One Dispensary. Asked him for my court order back because it was the only one that I had at from there he became very un-proffesional. He stopped triaging me and told me to leave the Dispensary. I then stated that I have a court order to be there and Requested that a sergeant or above be contacted. Sgt. Ross Responded and after speaking with him I was able to see a Doctor. At this point I am again informing you that I do not feel safe going to the Division 1 Dispensary as long as he Remains employeed their. This being his third incident with me it makes clear that this is the way his is with everybody that comes in to the Dispensary (Detainees).

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
C/o Billingsley, Sgt. Ross, Ms. Renolds

ACTION THAT YOU ARE REQUESTING:
I'm asking the Paramedic George be removed from the Division 1 Dispensary for Everyones best intrest

DETAINEE SIGNATURE: _Charles Hill_

C.R.W.'S SIGNATURE: _Vann_     DATE C.R.W. RECEIVED: _12 / 12 / 06_

*(stamp: RECEIVED DEC 14 PM 1:09 ADMINISTRATIVE OFFICE CERMAK HEALTH SERVICES OF COOK COUNTY CB)*

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY –

**EXHIBIT**
H

Part – B / Control #: _2006 X 1453_

## C.C.D.O.C.  DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Hill_      First Name: _Charles_     ID#: _2005- 0084808_

Is This Grievance An **Emergency**?    YES ☐     NO ☒

C.R.W.'S Summary Of The Complaint: _Detainee Alleges Medical Staff is Conducting Himself In A unprofessional manner._

C.R.W. Referred Griev. To: _Cermak_       Date Referred: _12 / 8 / 06._

Response Statement: _Referred to Patient Care Services_

_____

_____

_____

_C. Smith_ - _C. Smith_ Date: _12/15/06_ Div./Dept. _CHS_
(print - name of individual responding to this griev.)  (signature of individual responding to this griev.)

_Capt Mike_ - _Capt Mike_ Date: _12/20/06_ Div./Dept. _Div 4_
(print - name of Supt / Designee / Dept. Admin.)  (signature of Supt / Designee / Dept. Admin.)

_____ - _____ Date: _12 /18 /06_
(print - name of Prog. Serv. Admin. / Asst. Admin.)  (signature of Prog. Serv. Admin. / Asst. Admin.)

Date Detainee Received Response: _20 /DEC /06_ Detainee Signature: _Charles Hill_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: _20 DEC/ 06_

Detainee's Basis For An Appeal: _This is my Third Grievance pertaining to paramedic George within six months and nothing is being done About him. If it were me I'd get sent to the hole!_

Appeal Board's Acceptance Of Detainee's Request:    YES ☐     NO ☑

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
_Per DOC administration the situation is under review at this time._

Appeal Board's Signatures / Dates:
_____ 1/9/07    _____ 1-9-7    _____

Date Detainee Rec'd the Appl. Bd.'s Response: _10 Jan. /07_ Detainee Signature: _Charles Hill_

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY

00034

Appeal

Part-A / Control #: 2007 X 0053

Referred To: Cermak ✓

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Hill        First Name: Charles

ID #: 2005-0084808    Div.: 1    Living Unit: G-2    Date: 26 / Dec / 06

BRIEF SUMMARY OF THE COMPLAINT: This is My third Grievance pertaining to me not Recieveing My Night Medication. NURSE LORENZ gave ME My Morning Medication At About 3 p.m. on 26 Dec 06 AND STATED that she DiDn't have My Night MEDication AND that No one was coming in to give to me AND the other Detainee's on G-2 that Recieve physic Medication At Night. BECAUSE this has happened several times it is EVIDENT that this is A common practice AND or policy here At the Cook County Jail. According to Control # 2006 X 1284 The Appeal board STATED that CERMACK Health services were supposed to Distribute Medications According to the prescriptions AND that's not being Done!!!

_____

G-2 DETAINEE'S, c/o ORTEGA, c/o TORRES, NURSE LORENZ

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING:

DETAINEE SIGNATURE: Charles Hill

C.R.W.'S SIGNATURE: S Hollis        DATE C.R.W. RECEIVED: 1 / 11 / 07

*(stamp:* ADMINISTRATIVE OFFICE  07 JAN 16 PM 2: 03  CERMAK HEALTH SERVICES OF COOK COUNTY*)*

_____

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY – D

**EXHIBIT**

I

Part – B / Control #: 2007 X 0053

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: __HiLL__    First Name: __ChARles__    ID#: __2005- 0084808__

Is This Grievance An **Emergency**?    YES ☐    NO ☐

C.R.W.'S Summary Of The Complaint: _Detainee alleges that he is still having problem getting medication at night_

C.R.W. Referred Griev. To: __Cermak__    Date Referred: __1 / 12 / 07__

Response Statement: _Referred to Patient Care Services_

_C. Smith_ - _C. Smith_    Date: __1/18/07__ Div./Dept. __CHS__
(print - name of individual responding to this griev.)    (signature of individual responding to this griev.)

_Supt. N. Villanueva_ - _Supt. N. Villanueva_    Date: __1/22/07__ Div./Dept. __01__
(print - name of Supt. / Designee / Dept. Admin.)    (signature of Supt. / Designee / Dept. Admin.)

_J. Mueller_ - _J. Mueller_    Date: __1/19/07__
(print - name of Prog. Serv. Admin./ Asst. Admin.)    (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: __22 Jan / 07__ Detainee Signature: __Charles Hill__

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: __20 / Jan / 07__

Detainee's Basis For An Appeal: _EVERY GRIEVANCE that I've fiLED HAS bEEN REfERREd to PAtiENt CARE SERViCES. These people have still not done anything About Me getting My MEDICATION when I'm supposed to get it._

Appeal Board's Acceptance Of Detainee's Request:    YES ☐    NO ☑

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
_Per CHS administration, detainee is receiving meds as prescribed._

Appeal Board's Signatures / Dates:
_____ 2/6/07    _____ 2-1-07    _____ 2/6/07

Date Detainee Rec'd the Appl. Bd.'s Response: __8 /FEb/ 07__ Detainee Signature: __Charles Hill__

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY ·

00037

Part-A / Control # 2007X 1254

Referred To: Cermak

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Hill          First Name: Charles

ID #: 2005 - 0084808   Div.: 10   Living Unit: 2C   Date: 15 / June / 2007

BRIEF SUMMARY OF THE COMPLAINT: ON 14 June 2007 I DID not RECEIVE
My DAILY BLOOD PRESSURE MEDICATION. I WAS IN the law library when
NURSE tate CAME AROUND to pass out MEDS. WHEN I DID SPEAR to NURSE
TATE that evening while she WAS PASSING out Night time MEDICATION
NURSE tate STATED that she WAS Not going to give ME My Day time
MEDS AT Night. ON 15 June 2007 I WENt to Court AND WAS Not
ABLE to get My BlooD PRESSURE or DEPRESSION MEDication. later
that Night I SPOKE with A MALE Black NURSE who WAS passing
out MEDS. He STATED that he WAS Not going to give ME ANY DAY
time MEDS because he HAD to MANY people to MEDicate, so
AGAIN I WAS DENIED MEDICATION that WAS PRESCRIBED by the
Doctor FOR My HEALTH!

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
NURSE tate, C/O Shaw, DETAINEE Heze'Kiah My Cellmate + Attorney McKiegue

ACTION THAT YOU ARE REQUESTING:
That THESE NURSES be REPRIMANDED for Not Doing there Jobs AND
PLAying games with My health.

DETAINEE SIGNATURE: Charles Hill

C.R.W.'S SIGNATURE: V. Butler          DATE C.R.W. RECEIVED: 06/21/07

CERMAK HEALTH SERVICES OF COOK COUNTY
ADMINISTRATIVE OFFICE
07 JUN 21 PM 2:17

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.*
*All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD C

EXHIBIT

J

Part – B / Control # 2007 X 1254

## C.C.D.O.C.  DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: Hill    First Name: Charles    ID#: 2005-0084808

Is This Grievance An **Emergency**?    YES ☐    NO ☒

C.R.W.'S Summary Of The Complaint: Detainee alleges denial of medication and lack of medical attention

C.R.W. Referred Griev. To: Cermak    Date Referred: 6/21/07

Response Statement: Referred to Patient Care Services

C. Smith _____ C. Smith    Date: 6/22/07    Div./Dept. CHS
(print - name of individual responding to this griev.) (signature of individual responding to this griev.)

Supt C. Flores #14    Sept C Flores    Date 06/26/07    Div./Dept. X
(print - name of Supt./ Designee / Dept. Admin.) (signature of Supt./ Designee / Dept. Admin.)

J. Mueller _____ J. Mueller    Date: 6/25/07
(print - name of Prog. Serv. Admin./ Asst. Admin.) (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: 26 June 2007    Detainee Signature: Charles Hill

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: 26 June 2007

Detainee's Basis For An Appeal: What is Patient care going to do about my missing medication. I've filed several grievances and they all were referred to Patient care and still the same result nothing

Appeal Board's Acceptance Of Detainee's Request:    YES ☐    NO ☒

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator: Per CHS admin, nursing states it is the patient's responsibility to be present to receive meds when they are passed out -

Appeal Board's Signatures / Dates: _____ 7/10/07    R Dyla 7-10-7

Date Detainee Rec'd the Appl. Bd.'s Response: 11 July 07    Detainee Signature: Charles Hill

GRIEVANCE CODE(S): (____) (____) (____) (____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY)

00046

Part-A / Control #: _2007 X 1403_

Referred To: _Cermak_

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **Hill**      First Name: **Charles**

ID #: **2005-0084848**   Div.: **10**   Living Unit: **2C**   Date: **10/July/07**

BRIEF SUMMARY OF THE COMPLAINT: _On 4 July 2007 Tier 2C did not recieve any morning medication. I am to recieve my blood presure medication every morning aprescribed by the doctor._

_Tier 2C_
NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING: _To recieve my medication as prescribed with no more interruptions._

**DETAINEE SIGNATURE:** _Charles Hill_

C.R.W.'S SIGNATURE: _V. Butler_      DATE C.R.W. RECEIVED: _7/12/07_

(stamp) 07 JUL 07 PM 1:15 ADMINISTRATIVE OFFICE CERMAK HEALTH SERV OF COOK COUNTY

---

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD CO[)

**EXHIBIT**

K

Part – B / Control #: *2007 X 1403*

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: *Hill*          First Name: *Charles*     ID#: *2005-0084848*

Is This Grievance An **Emergency**?     YES ☐          NO ☒

C.R.W.'S Summary Of The Complaint: *Detainee alleges medical neglect.*

C.R.W. Referred Griev. To: *Cermak*          Date Referred: *7 / 12 / 07*

Response Statement: *Referred to Patient Care Services*

*C. Smith* _____  *C. Smith* _____ Date *7/16/07* Div./Dept. *CHS*
(print- name of individual responding to this griev.)   (signature of individual responding to this griev.)

*Supt. C. Plaxco #14* ____  *Dupt C Plaxco* ___ Date *07/18/07* Div./Dept. *X*
(print - name of Supt. / Designee / Dept. Admin.)   (signature of Supt. / Designee / Dept. Admin.)

*J. Mueller* _____  *J J Muell* _____ Date *07/17/07*
(print - name of Prog. Serv. Admin./ Asst. Admin.)   (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: *17 July 07* Detainee Signature: *Charles Hill*

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: ___/___/___

Detainee's Basis For An Appeal: _____

_____

Appeal Board's Acceptance Of Detainee's Request:     YES ☐          NO ☐

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:

_____

_____

Appeal Board's Signatures / Dates:

_____  _____  _____

Date Detainee Rec.'d the Appl. Bd.'s Response: ___/___/___ Detainee Signature: _____

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COP'

00048

Part-A / Control #: 2007X 1734

Referred To: Cermak ✓

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Hill          First Name: Charles

ID #: 2005-0484840    Div.: X    Living Unit: 2C    Date: 15 /Aug/ 07

BRIEF SUMMARY OF THE COMPLAINT: This GRIEVANCE is PERTAINING to the
CONSTENT MEDICAL NEGLIGENCE that I AM A VICTIM of by CERMAR
HEALTH SERVICES & COOK COUNTY JAIL. ON 13 AUGUST 2007 I Along with
the ENTIRE high SIDE of tier 2C, CELLS #2313 thru 2324 DID NOT RECE-
IVE OUR Night time MEDICATION from the NURSE that CAME to MEDICATE
the tier. She MEDICATED the low SIDE which was out of their CELLS
SIGNED the Officers log Book AND left without SAYING A WORD NOR
RETURNING to give the high SIDE their MEDICATION.

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
C/O Miller (3P.M. to 11P.M.) tier officer, C/O FRANKS (11P.M. to 7A.M.) Nigh SIDE Detain

ACTION THAT YOU ARE REQUESTING:
that WHO EVER the NURSE WAS give US AN APology for putting OUR
Physical & Mental well being in JEOPARDy AND Also SUSPENDED without pay.

## DETAINEE SIGNATURE: Charles Hill

C.R.W.'S SIGNATURE: V. Butler          DATE C.R.W. RECEIVED: 8-22-07

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form.
All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY

EXHIBIT

L

Part – B / Control #: 2007 X 1734

## C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Hill_     First Name: _Charles_     ID#: _2005-0084808_

Is This Grievance An **Emergency**?     YES ☐     NO ☒

C.R.W.'S Summary Of The Complaint: _Detainee alleges denial of medication._

C.R.W. Referred Griev. To: _Cermak_     Date Referred: _8 / 23 / 07_

Response Statement: _Referred to Patient Care Services_

_C Smith_ — _C Smith_     Date: _8/27/07_     Div./Dept. _CHS_
(print- name of individual responding to this griev.)   (signature of individual responding to this griev.)

_Supt C Plaxico #14_ — _Supt C Plaxico #14_     Date: _08/29/07_     Div./Dept. _10_
(print- name of Supt. / Designee / Dept. Admin.)   (signature of Supt. / Designee / Dept. Admin.)

_J. Mielle_ — _J. Mielle_     Date: _8/27/07_
(print- name of Prog. Serv. Admin./ Asst. Admin.)   (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: _29 /Aug / 07_  Detainee Signature: _Charles Hill_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: _29 /Aug/ 07_

Detainee's Basis For An Appeal: _This is a on going problem with the nursing staff in Div #10 and I'm asking for an independant investigation into this problems that we're having_

Appeal Board's Acceptance Of Detainee's Request:     YES ☐     NO ☒

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
Per CHS, documentation is on file and indicates that detainee refused medication on 08/28.

Appeal Board's Signatures / Dates:
_L. Cassell_     _J. Mielle_  _09/21/07_

Date Detainee Rec.'d the Appl. Bd.'s Response: _25 /Sep / 07_  Detainee Signature: _Charles Hill_

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COP°)

00053

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE

v.

CHARLES HILL

No. 05 CR 26733

ENTERED

DEC - 7 2006

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
DEPUTY CLERK (ILLEGIBLE)

### ORDER

This Court Being Advised That
The Defendant, Charles Hill, ~~2005~~ 2005-0084808,
is possibly suffering from a Hernia

It is Hereby Ordered That:
The Defendant be evaluated by
Medical Personnel at Cermak Hospital
and that any appropriate medical treatment
~~...~~ be tendered.

Atty. No.: _____
Name: M. (illegible)
Atty. for:
Address: (illegible)
City/State/Zip:
Telephone: 773-869-4760

ENTERED:

Date: Dec. 7, 2006

Judge (illegible)                Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

EXHIBIT

M

ORDER

CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE

v.

**FILED**
D6-008 No. 05 CR 26733
MAR 13 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

CHARLES HILL

## ORDER

IT IS HEREBY ORDERED THAT:
THE COOK COUNTY DEPARTMENT OF
CORRECTIONS/CERMAK HOSPITAL AND/OR
OTHER APPROPRIATE MEDICAL PERSONNEL
EXAMINE AND/OR REVIEW, CHARLES HILL'S
# 2005-0084808, ~~REGARDING~~ MEDICAL
CONDITION REGARDING HEADACHES AND
BLURRED VISION (HISTORY OF BLOOD PRESSURE
MEDICATION), QUESTION BLOOD PRESSURE?
QUESTION VISION (BY A DOCTOR

Atty. No.: _____

Name: _PATRICK McHUGGES_

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _708-210-4960_

ENTERED:

Dated: _3/13/2008_

Judge _____

Judge's No. _____

**ENTERED**
JUDGE FRANK ZELEZINSKI - 1728
MAR 13 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

**EXHIBIT**

N

STATE OF ILLINOIS )
                ) SS
COUNTY OF COOK )

FILED
D6-108
JUN 2 6 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                                  )
                                  )     No. 05 CR 26733
        vs.               )
                                  )
CHARLES HILL                 )

**ORDER**

This cause coming on to be heard on the motion of the defendant, the Court having jurisdiction over the parties and being fully advised that the defendant is in distress:

**IT IS HEREBY ORDERED**:

that appropriate medical and psychological personnel of the cook county sheriff's office, cook county department of corrections, cermak medical facility are to evaluate the defendant, Charles Hill, ID# 2005-0084808, and follow all appropriate medical and psychological procedures to ensure his well being.

ENTERED
JUDGE FRANK ZELEZINSKI - 1728
JUN 2 6 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

JUNE 26, 2008

ENTER:

JUDGE   Frank Zelezinski
JUDGE's No. 1728

Assistant Public Defender
Attorney No. 30295
16501 South Kedzie Parkway
Markham, IL 60426
(708) 210-4360

EXHIBIT
O