```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

CHARLES B. HILL, JR.,             )
                                  )
               Plaintiff,         )
                                  )
     v.                           )     No.  08 C 1917
                                  )
COUNTY OF COOK, et al.,           )
                                  )
               Defendant.         )
```

MEMORANDUM ORDER

This 42 U.S.C. §1983 ("Section 1983") action, charging a violation of the constitutional rights of Charles Hill, Jr. ("Hill") of a type that seeks to draw upon the principles announced in the seminal <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976) decision, was originally filed pro se by Hill. Considerable time elapsed thereafter before a more extensive Second Amended Complaint ("SAC") was filed on Hill's behalf by counsel who had been appointed to represent him pro bono publico, and still more time then passed until some successive responsive pleadings for the several named defendants evolved into the most recent September 28, 2010 Answer, including two Affirmative Defenses ("ADs").

That most recent version resulted from this Court's brief September 20 memorandum order that voiced a criticism of defense counsel's having filed two separate responsive pleadings when one would have done the job better. This Court has now read the new response, as it had not when such a reading would have required going through 58 pages in a paragraph-by-paragraph comparison of

the then dual filings. Regrettably, that reading has triggered the issuance of still another sua sponte memorandum order--this one.

First, it is painfully apparent that the extraordinarily limited admissions contained in the Answer, many of which are then coupled with a blanket denial of all remaining allegations of the paragraphs containing such limited admissions, do not fulfill the basic purpose of the notice pleading principles that should drive a federal pleading engine. Again this Court will not undertake the laborious chore of particularizing the problematic aspects of those denials, but a look (for example) at Answer ¶¶10 through 19 seem to suggest that no defendant had the responsibility for overseeing or administering the protection of constitutional rights of pretrial detainees such as Hill.

Defense counsel should be mindful of the objective (as well as subjective) good faith required of every litigant and lawyer by Fed. R. Civ. P. ("Rule") 11(b). In light of that requirement this Court reluctantly believes that defense counsel ought to go back to the drawing board once more, paying meticulous attention to whether a good many other allegations within the 111 paragraphs of the SAC should not also be admitted to cut back on the areas of seeming (but probably not actual) dispute.

As for the two ADs, each of them is problematic. Here are the particulars:

    1. AD 1 is at odds with the fundamental concept

embodied in Rule 8(c) and the caselaw applying it (see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), which treat the allegations of a complaint as true but set out some ground for relieving a defendant of liability in whole or in part. In light of Hill's allegations and defendants' denials, this action seems replete with contested factual issues capable of resolution only through evidentiary presentations and a decision as to who is right--a situation that precludes a qualified immunity defense. AD 1 is accordingly stricken.

2. AD 2, which asserts for the first time a failure to exhaust administrative remedies in violation of 42 U.S.C. §1997e(a), was available to defendants from the very beginning. Hence defendants' failure to have asserted that defense earlier could appropriately be viewed as a forfeiture of that AD. Moreover, in real world terms, the notion of raising that issue fully 2-1/2 years after Hill originally filed suit is extraordinarily troublesome, given the acknowledgment in AD 2 that the administrative remedies were indeed exhausted after the initial Complaint was filed. AD 2 is also stricken.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 4, 2010

3